IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**DELREECE M. THOMPSON,**

    Petitioner,

    vs.                        Civil Action 2:14-cv-374
                                Judge Watson
                                Magistrate Judge King

**WARDEN-DIRECTOR GARY MOHR, et al.,**

    Respondents.


**ORDER AND REPORT AND RECOMMENDATION**

    Delreece M. Thompson, a state prisoner, institutes this action seeking habeas corpus relief under 28 U.S.C. § 2254 and monetary relief under 42 U.S.C. § 1983. Although the initial pleading is difficult to decipher, it appears that petitioner challenges a firearm conviction; he alleges that he did not own the gun involved and that his counsel "tricked" him into pleading guilty. ECF 1, PageID 5. Petitioner also challenges the conditions of his confinement. Although he alleges no facts, he contends that the North Central Correctional Institution is overcrowded, unsanitary and inhumane, violative of the Clean Air Act and the Clean Water Act and fails to protect inmates' rights. Petitioner also claims improper medical care and the refusal of medical care, discrimination on the basis of race and the denial of equal protection. Petitioner seeks his immediate release from confinement and $100 million in damages. He names as respondents a number of state employees, including the Governor of the State of

1

Ohio, Ohio's Attorney General, the Director of the Ohio Department of Rehabilitation and Correction, and the warden of his institution.

Petitioner has filed a motion for leave to proceed *in forma pauperis*. ECF 3. That motion is **GRANTED**. Because the Court concludes that the claims asserted under 42 U.S.C. § 1983 cannot proceed, the Court concludes that the action is not governed by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1). All judicial officers who render services in this action shall do so as if the costs had been prepaid.

**Claims under 28 U.S.C. § 2254**

Petitioner has not presented his habeas corpus claims in the form required by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is **ORDERED** to submit his habeas corpus claims in the proper form within twenty-eight (28) days. His failure to do so will result in the dismissal of his habeas corpus claims for failure to prosecute. The Clerk is **DIRECTED** to provide the proper form to petitioner.[1]

**Claims under 42 U.S.C. § 1983**

As noted, petitioner provides no factual support for his conclusory complaints regarding conditions of confinement at the North Central Correctional Institution. Although a pleading need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-

---

[1] If petitioner was convicted in Marion County, Ohio, his habeas corpus petition may be transferred to the United States District Court for the Northern District of Ohio. *See* 28 U.S.C. §§ 115(a)(1), §2241(d).

2

46(1957)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because petitioner has offered no factual allegations in support of his claims under 42 U.S.C. § 1983, those claims must be dismissed. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

It is therefore **ORDERED** that petitioner's motion for leave to proceed *in forma pauperis*, ECF 3, is **GRANTED**. Petitioner is **ORDERED** to submit his habeas corpus claims in the proper form within twenty-eight (28) days. His failure to do so will result in the dismissal of his habeas corpus claims for failure to prosecute. The Clerk is **DIRECTED** to provide the proper form to petitioner.

It is **RECOMMENDED** that petitioner's claims under 42 U.S.C. § 1983 be **DISMISSED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


May 21, 2014                              *s/Norah McCann King*
 (Date)                                    Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

4